# Pleadings Report

**WARSAME, AHMED**
vs
**ROYAL FAM TRANSPORTATION, LLC**

Docket #: 21C282
File Date: 03/09/2021

| Line # | File Date | Description |
|---|---|---|
| 1 | 03/09/2021 | DAMAGE/TORT COMPLAINT 356202*1 |
| 2 | 03/09/2021 | BOND POSTED SIGNED BY HUBERT E. HAMILTON, ESQ. |
| 3 | 03/09/2021 | SUMMONS ISSUED-D1,D2,D3 PLTF / TAKEN |
| 4 | 03/09/2021 | SUMMONS SEC STATE -D4 |
| 5 | 03/23/2021 | AFFI OF SERV-D1-SERVED C/O MICHELE GREEN PER GREEN CARD SIGNED RT-03.12.21 |
| 6 | 03/23/2021 | AFFI OF SERV-D2-SERVED ILLEGIBLE SIGNATURE GREEN CARD RT-03.15.21 |
| 7 | 03/24/2021 | AFFI OF SERV-D3-SERVED C/O "G.S." PER GREEN CARD SIGNATURE RT-03.16.21 |
| 8 | 03/31/2021 | ANSWER FILED BY LYNSIE GADDIS RUST, ESQ. FOR DEFT AMAZON LOGISTICS, INC. |



EXHIBIT 1



# Notice of Service of Process

null / ALL
Transmittal Number: 22913457
Date Processed: 03/17/2021

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Gianmarco Vairo<br>Joell Parks<br>Sara Rawson<br>Eugide Matondo<br>Vivian Ching<br>Karen Curtis<br>Jesse Jensen<br>Rochelle Lewis<br>Theresa Nixon<br>Stephen Swisher<br>Kimberly Thomas<br>Lynn Foley-Jefferson<br>Stephanie Habben<br>Maria Catana<br>Michelle King<br>Rebecca Hartley<br>Lizette Fernandez |
| **Entity:** | Amazon Logistics, Inc.<br>Entity ID Number 3192856 |
| **Entity Served:** | Amazon Logistics, Inc. |
| **Title of Action:** | Ahmed Warsame vs. Royal Fam Transportation, LLC |
| **Matter Name/ID:** | Ahmed Warsame vs. Royal Fam Transportation, LLC (11052656) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Hamilton County Circuit Court, TN |
| **Case/Reference No:** | 21C282 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 03/16/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Patrick A. Cruise<br>423-634-0871 |
| **Client Requested Information:** | Amazon Case Type: Personal Injury |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| AHMED WARSAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 21C282 |
| | ) |
| ROYAL FAM TRANSPORTATION, | ) JURY DEMAND |
| LLC, ROYAL FAM LOGISTICS, LLC, | ) |
| AMAZON LOGISTICS, INC., | ) |
| and ABDILLAHI ISMAIL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Ahmed Warsame, and files this Complaint for Damages against Defendants Royal Fam Transportation, LLC, Royal Fam Logistics, LLC, Amazon Logistics, Inc., and Abdillahi Ismail, showing this Honorable Court the following:

1. Plaintiff Ahmed Warsame (hereinafter "Plaintiff") is a resident of Dekalb County, Georgia.

2. Defendant Royal Fam Transportation, LLC (hereinafter "Royal Fam Transportation") is a foreign limited liability company organized under the laws of the State of Minnesota, authorized to conduct and doing business in the State of Tennessee, with its principal place of business located at 1 West Lake Street, Suite 165, Minneapolis, MN 55408. Royal Fam Transportation is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203 and 20-2-214. Royal Fam Transportation is a federal motor carrier registered with the Federal Motor Carrier Safety Administration (MC-881912, USDOT

2536185), and has designated Vinson Detective Agency, 2008 E Magnolia Avenue, Knoxville, TN 37917, as their agent for service of process in Tennessee.

3. Defendant Royal Fam Logistics, LLC (hereinafter "Royal Fam Logistics") is a foreign limited liability company organized under the laws of the State of Minnesota, authorized to conduct and doing business in the State of Tennessee, with its principal place of business located at 1 West Lake Street, Apt #219, Minneapolis, MN 55408. Royal Fam Logistics is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203 and 20-2-214. Royal Fam Logistics is a federal motor carrier registered with the Federal Motor Carrier Safety Administration (MC-110591, USDOT 3159003), and has designated Vinson Detective Agency, 2008 E Magnolia Avenue, Knoxville, TN 37917, as their agent for service of process in Tennessee.

4. Defendant Amazon Logistics, Inc. (hereinafter "Amazon Logistics"), is a foreign for-profit corporation organized under the laws of the State of Delaware with its principal place of business in the State of Washington, authorized to conduct business in the State of Tennessee. At all times relevant hereto, Amazon Logistics owned the trailer that was being pulled behind the tractor being driven by Defendant Ismail. Amazon Logistics is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203 and 20-2-214. Amazon Logistics may be served by delivering a copy of the Summons and Complaint to its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

5. Defendant Abdillahi Ismail (hereinafter "Defendant Ismail") is a resident of King County, Washington, residing at 16608 NE 37th Street #W1063, Redmond,

Washington. Defendant Ismail is subject to the jurisdiction of this Court by virtue of the facts alleged herein, pursuant to T.C.A. § 20-2-223(a)(3). Defendant Ismail may be served through the Secretary of State pursuant to TCA 20-2-203.

6. Venue is proper in this Court per TCA § 20-2-203.

7. The Court has jurisdiction of the parties and cause hereto pursuant to the provisions of §§ 20-2-201, 20-2-203 and 20-2-214.

8. At all times relevant to this action, Defendants were subject to the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR), either directly or as adopted by the Tennessee Department of Safety, Division of Commercial Vehicle Enforcement, Rules and Regulations § 1340-06-01-.08, pursuant to TCA § 65-15-106.

9. At all times relevant to the allegations made herein, Defendant Ismail was operating a 2018 Freightliner TT Tractor owned by Royal Fam Transportation and a 2019 Hyundai Trailer owned by Amazon Logistics.

10. At all relevant times, Defendant Ismail was employed and/or acting as an agent and in the course of scope of his employment with Royal Fam Transportation and/or Royal Fam Logistics and/or Amazon Logistics. As a result, any negligence on the part of Defendant Ismail and/or any negligent acts committed by him, may be attributed to Royal Fam Transportation and/or Royal Fam Logistics and/or Amazon Logistics pursuant to the doctrine of agency/master-servant/joint employee/borrowed servant/respondeat superior, and other applicable law.

11. Defendant Ismail was operating under the motor common carrier license, shield, and authorization of Royal Fam Transportation at all pertinent times to this Complaint, and Royal Fam Transportation's authorization, shield, and DOT number were displayed on the tractor at the time of this collision.

12. Defendant Ismail was assigned to drive the tractor owned by Royal Fam Transportation with the knowledge, consent, and permission of Amazon Logistics and/or Royal Fam Logistics.

13. At all times pertinent to this Complaint, Plaintiff Ahmed Warsame was a friend and passenger of Defendant Ismail.

14. Plaintiff was not an employee of any of the Defendants.

15. On March 13, 2020, at approximately 12:55 a.m., Defendant Ismail was driving the above-referenced 2018 Freightliner TT Tractor and 2019 Hyundai Trailer westbound on Interstate 24 in East Ridge, Hamilton County, Tennessee. Plaintiff Ahmed Warsame was asleep in the sleeper section of the tractor.

16. Defendant Ismail suddenly lost control of the vehicle, crashing into the concrete barrier bordering the left side of the interstate. The vehicle then traveled back across all lanes of the interstate (westbound) and struck the guard rail on the right side of the interstate, before exiting the roadway into the woods and coming to rest.

17. At the time of the collision, Defendant Ismail was driving the tractor and trailer with the express permission of Royal Fam Transportation and/or Royal Fam Logistics and was acting in the course and scope of his agency or employment with Royal Fam Transportation and/or Royal Fam Logistics.

18. At the time of the collision, Defendant Ismail was driving the tractor and trailer with the express permission of Amazon Logistics and was acting in the course and scope of his agency or employment with Amazon Logistics.

19. As a direct and proximate result of the collision, Plaintiff Ahmed Warsame sustained serious bodily injuries from which he continues to suffer. Plaintiff has incurred medical bills, lost wages, and other special damages as a result of these injuries.

20. Plaintiff shows that all of his injuries, damages, and suffering are a direct result of and proximately caused by the negligence of the Defendants.

21. At the time of the subject collision, Defendant Ismail had a duty to exercise due care for the safety of others, including Plaintiff Ahmed Warsame, and to abide by all applicable state laws and federal rules and regulations applicable to him as an operator of a commercial motor vehicle.

22. Defendant Ismail breached these duties and was negligent in the following, among other, particulars:

   a. By failing to obey T.C.A. §§ 55-8-103, 55-8-136, 55-8-123, 55-8-152, and 55-10-205;

   b. By failing to keep a proper lookout ahead;

   c. By failing to maintain a reasonably safe speed;

   d. By failing to maintain his lane;

   e. By operating a commercial motor vehicle when it was not safe to do so;

   f. By recklessly endangering the public;

   g. By failing to exercise due care;

h. By failing to maintain control;

i. By failing to maintain a proper lookout under the circumstances;

j. By failing to see and be aware of what was in the driver's view;

k. By carelessly and erratically driving;

l. By failing to use reasonable care to avoid a collision;

m. By being negligent under the circumstances and conditions then existing;

n. Negligent *per se*; and,

o. By such other acts of negligence which will be shown at the trial of this matter and which are copied herein *in extenso*.

23. The wreck further occurred as a direct and proximate result of the following acts, omissions and conduct on the part of Defendants Royal Fam Transportation, Royal Fam Logistics, and Amazon Logistics:

a. Negligence in hiring and/or contracting with Defendant Ismail to drive their commercial motor vehicle;

b. Negligence in failing to adequately supervise Defendant Ismail;

c. Negligence in failing to train Defendant Ismail to properly and safely drive their commercial motor vehicle;

d. Negligence in entrusting a commercial motor vehicle to Defendant Ismail.

24. Defendants will further be shown to have violated provisions of FMCSA, which constitutes negligence *per se*.

25. TCA §§ 55-10-311 and 55-10-312 are applicable to this case and provide presumptions and prima facie evidence that the use of the subject commercial motor vehicle by Defendant Ismail was with the authority, consent, and knowledge of the owner of the vehicle, and that the operation of the subject vehicle was for the use and benefit of said owner. As a result, Royal Fam Transportation and/or Royal Fam Logistics and/or Amazon Logistics is vicariously liable for the negligent acts and/or omissions of Defendant Ismail. At all times relevant to this action, Royal Fam Transportation and/or Royal Fam Logistics and/or Amazon Logistics authorized, ratified, or approved the reckless acts or omissions of Defendant Ismail and other agents or employees with knowledge or conscious or reckless disregard that the act or omission may result in injury or death.

26. Plaintiff Ahmed Warsame sustained severe injuries in this wreck as a direct and proximate result of the negligence of Defendants. As a direct and proximate result of the negligence of Defendants, Plaintiff Ahmed Warsame sustained permanent injury, physical pain and mental suffering, disfigurement, and loss of enjoyment of life. He has experienced pain and suffering and will continue to experience pain and suffering in the future. He has incurred medical expenses and will continue to incur medical expenses in the future. He has incurred lost wages and lost earning capacity.

27. For his injuries, pain and suffering, mental anguish, medical expenses, loss of earnings and loss of earning capacity, permanent disability, and loss of enjoyment of life, Plaintiff Ahmed Warsame is entitled to recover damages from the Defendants in a reasonable sum to be determined by a jury at trial, not to exceed $5,000,000.00, plus the costs of this cause.

28. To the extent Defendants are found to have acted maliciously, intentionally, fraudulently, or recklessly, Plaintiff is further entitled to have and recover punitive damages as determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That he have judgment against Defendants for all general damages, compensatory damages, and punitive damages, as determined by the jury against all defendants, jointly and severally;

B. That the costs of bringing this action, including court costs and discretionary costs, be taxed against the Defendants;

C. That a jury be empaneled to try the issue when joined; and,

D. That Plaintiff have such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

**THE HAMILTON FIRM**

By: _____
**PATRICK A. CRUISE, BPR #024099**
*Attorney for Plaintiff*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 6340-874
Email: pac@thehamiltonfirm.com

## IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| ARMED WARSAME, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 21C282 |
| ROYAL FAM TRANSPORTATION, LLC, ROYAL FAM LOGISTICS, LLC, AMAZON LOGISTICS, INC. and ABDILLAHI ISMAIL, | ) |
|     Defendants. | ) |

### AMAZON'S ANSWER TO PLAINTIFF'S COMPLAINT

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant, Amazon Logistics, Inc., ("Amazon"), for its Answer to Plaintiff's Complaint, states:

1. Each and every allegation not admitted herein is hereby denied.

2. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, and 3 of Plaintiff's Complaint, and therefore, denies same.

3. The allegations contained in paragraph 4 of Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent that a response is required, Amazon denies same.

4. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore, denies same.

1

11670583v.1

5. The allegations contained in paragraphs 6, 7 and 8 of Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent that a response is required, Amazon denies same.

6. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore, denies same.

7. Amazon denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

8. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore, denies same.

9. Amazon denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

10. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 13, 14, 15, 16 and 17 of Plaintiff's Complaint, and therefore, denies same.

11. Amazon denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

12. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore, denies same.

13. Amazon denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

14. The allegations contained in paragraph 21 of Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent that a response is required, Amazon denies same.

15. Amazon denies the allegations contained in paragraphs 22, 23, 24, 25, 26, 27 and 28 of Plaintiff's Complaint.

14. The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is necessary. However, to the extent a response is required, Amazon denies that Plaintiff is entitled to the relief requested.

## FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Amazon and should be dismissed.

## SECOND DEFENSE

All or part of Plaintiff's damages may have been caused or contributed to by the actions or inactions of third parties who are not parties to this action, and therefore, Plaintiff's right of recovery should be precluded or otherwise diminished by the fault of these third parties.

## THIRD DEFENSE

All or part of Plaintiff's damages may have been caused or contributed to by Plaintiff, and therefore, Plaintiff's right of recovery should be precluded and/or Plaintiff's recovery should be diminished by the extent of his wrongdoing.

## FOURTH DEFENSE

Amazon pleads that any money Plaintiff recovers from any other source for alleged injuries and/or damages, if any, should be an offset to any judgment rendered against Amazon, if any.

## FIFTH DEFENSE

Plaintiff has an obligation to mitigate his damages. To the extent Plaintiff has not done so, Amazon is entitled to a credit or setoff against any amount awarded to Plaintiff in the amount of the damages that could have been reasonably avoided by Plaintiff.

## SIXTH DEFENSE

Plaintiff's Complaint fails to set forth allegations sufficient to support a claim of punitive damages under existing law.

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages fails to establish the central elements of fraud, oppression or malice as required, and Plaintiff is, therefore, not entitled to punitive damages as a matter of law.

## EIGHTH DEFENSE

Plaintiff's claim for punitive damages is in violation of and is barred by the Fifth and Fourteenth Amendments to the United States Constitution.

## NINTH DEFENSE

Plaintiff's claim for punitive damages is in violation of and is barred by the prohibitions against excessive fines and cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.

## TENTH DEFENSE

Amazon hereby reserves the right to raise additional affirmative defenses and to assert counterclaims and third party claims in the future.

WHEREFORE, for the foregoing reasons, Amazon Logistics, Inc., respectfully requests the following relief:

1. Dismissal of Plaintiff's Complaint, with prejudice;
2. Its costs herein expended, including a reasonable attorney's fee;
3. Trial by jury; and
4. Any and all other relief to which Amazon may reasonably appear to be entitled.

Respectfully submitted,

*/s/ Lynsie Gaddis Rust*
Lynsie Gaddis Rust #34871
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502.238.8500
Facsimile: 502.238.7995
lynsie.rust@wilsonelser.com
*Counsel for Defendant, Amazon Logistics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via facsimile in the Hamilton County Circuit Court Clerk on March 31, 2021 and a true and accurate copy of same was sent via regular U.S. mail to:

Patrick A. Cruise, BPR #024099
The Hamilton Firm
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Email: pac@thehamiltonfirm.com

Royal Fam Transportation, LLC
c/o Vinson Detective Agency
2008 E. Magnolia Avenue
Knoxville, TN 37917

Royal Fam Logistics, LLC
c/o Vinson Detective Agency
2008 E. Magnolia Avenue
Knoxville, TN 37917

Abdillahi Ismail
c/o Secretary of State
16608 N.E. 37th Street #W1063
Redmond, Washington, 98052

/s/ Lynsie Gaddis Rust
*Counsel for Defendant, Amazon Logistics, LLC*

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AHMED WARSAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21C288 |
| | ) JURY DEMAND |
| ROYAL FAM TRANSPORTATION, LLC, | ) |
| ROYAL FAM LOGISTICS, LLC, AMAZON | ) |
| LOGISTICS, INC., and ABDILLAHI ISMAIL, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SPECIAL APPEARANCE

The firm of Shuttleworth PLLC, by and through Kenneth R. Shuttleworth and Matthew K. Eggleston, gives notice of their appearance as the attorneys of record for Defendants Royal Fam Transportation, LLC and Royal Fam Logistics, LLC, and states that this Notice is not a general appearance of these Defendants, as all issues related to jurisdictional, service of process, procedural, and/or substantive rights, defenses or contentions are specifically reserved.

Respectfully submitted,

SHUTTLEWORTH PLLC

BY: _____
KENNETH R. SHUTTLEWORTH (#8870)
MATTHEW K. EGGLESTON (#18641)
L&C Tower
401 Church Street, Suite 2700
Nashville, TN 37219
(615) 833-3390

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon the following by placing same, postage prepaid, in the U.S. Mail this the 12th day of April, 2021:

Patrick A. Cruise
*The Hamilton Firm*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
**Attorney for Plaintiff**

Lynsie Gaddis Rust
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
**Attorney for Amazon**

2